Signed and Filed: June 5, 2017

HANNAH L. BLUMENSTIEL
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>WAYNE WING CHEUNG WONG,<br><br>        Debtor.<br>_____<br>TRICO PIPES, et al.,<br><br>        Plaintiffs,<br>v.<br><br>WAYNE WING CHEUNG WONG,<br><br>        Defendant. | Case No. 15-31548 HLB<br><br>Chapter 7<br><br><br><br><br>Adv. Proc. No. 16-3002 HLB |

**MEMORANDUM DECISION**

**I.  INTRODUCTION**

This matter comes before the court on the complaint of Plaintiffs TRICO Pipes (a labor-management cooperation committee established pursuant to 29 U.S.C. § 175a) and Aram Hodess (a trustee of TRICO Pipes).  The complaint seeks to have a state court judgment against Defendant Wayne Wong and in favor of TRICO Pipes and Mr. Hodess declared nondischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6).[1]

---

[1] Unless otherwise noted, all statutory citations shall refer to Title 11 of the United States Code, aka the "Bankruptcy Code," and any references to rules shall refer to the Federal Rules of Bankruptcy Procedure.

After the court granted partial summary judgment in favor of TRICO Pipes and Mr. Hodess, the parties stipulated to a trial on declarations. The parties timely filed their trial briefs. This memorandum decision constitutes the court's findings of facts and conclusions of law as required by Federal Rule of Civil Procedure 52, as made applicable to this adversary proceeding by Rule 7052.

**II. JURISDICTION**

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and General Order 24 of the United States District Court for the Northern District of California. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I). Venue is proper under 28 U.S.C. § 1409(a).

**III. BACKGROUND**

    **a. Pre-petition litigation**

Mr. Wong, along with third parties Jianxin Jack Wang and XinRui Lisa Li, operated several companies that provided plumbing services for public works projects: Big Bears Construction Limited Partnership, Big Bears Construction General Partnership, Big Bears Construction Limited Liability Company, and Duke's Construction (the "Big Bears Entities"). In April 2011, TRICO Pipes and Mr. Hodess filed a state court lawsuit against Mr. Wong, Mr. Wang, Ms. Li, the Big Bears Entities, and others. The operative state court complaint primarily alleged that the Big Bears Entities violated California's prevailing wage law for public works projects by underpaying five employees. Mr. Hodess and TRICO Pipes sought relief against Mr. Wong, Mr. Wang, Ms. Li,

and the Big Bears Entities under multiple causes of action, which were enumerated in the operative state court complaint as:

- First Cause of Action for Prevailing Wage Underpayments, Attorney's Fees and Costs (Cal. Lab. Code §§ 1771, 1774, 1776 & 1194; Cal. Bus. & Prof. Code §§ 17203 & 17204)
- Second Cause of Action for Liquidated Damages on Labor Code Violations (Cal. Lab. Code § 1194.2)
- Third Cause of Action for Restitution of Prevailing Wages, Attorney's Fees and Expenses (Cal. Lab. Code § 1776(e))
- Fourth Cause of Action to Enjoin Prevailing Wage Reporting Requirement Violations (Cal. Lab. Code § 1776 and Cal. Bus. & Prof. Code §§ 17203 & 17204)
- Fifth Cause of Action for Restitution Based on Prevailing Wage Reporting Violations (Cal. Lab. Code § 1776 and Cal. Bus. & Prof. Code §§ 17203 & 17204)
- Sixth Cause of Action for Restitution of Unpaid Wages for Meal and Rest Period Violations and to Enjoy Meal and Rest Period Violations (Cal. Lab. Code §§ 226.7 & 218 and Cal. Bus. & Prof. Code §§ 17203 & 17204)
- Seventh Cause of Action for Damages and Injunctive Relief for Failure to Provide Proper Itemized Wage Statements (Cal. Lab. Code §§ 226, 226.3 & 218 and Cal. Bus. & Prof. Code §§ 17203 & 17204)

The state court complaint further alleged that the Big Bears Entities were alter egos of Mr. Wang, Mr. Wong, and Ms. Li such that Mr. Wang, Mr. Wong, Ms. Li should be held jointly and severally liable for any liability of the Big Bears Entities.

Finally, the state court complaint alleged that the Big Bears Entities fraudulently transferred assets, both constructively and intentionally, to Mr. Wong, Mr. Wang, and Ms. Li.

The state court entered the default of the Big Bears Entities. All of the remaining defendants, except for Mr. Wong, Mr. Wang, and Ms. Li, settled prior to trial. The state court held a trial on October 21, 2014 at which only Ms. Li appeared. After trial, the Court entered judgment in favor of Mr. Hodess and TRICO Pipes and against Mr. Wong, Mr. Wang, and the Big Bears Entities "in the amount of $917,149.81 for unpaid wages and liquidated damages and $261,576.15 in prejudgment interest for a total of $1,178,725.96, less credit for $913,000.00, the amount paid in settlement by all the settling parties, for a net judgment of $265,725.96." The state court also awarded to Mr. Hodess and TRICO Pipes costs of $10,832.39 and attorneys' fees and expenses of $1,357,717.50.

**b. The summary judgment litigation**

The complaint seeks to have Mr. Wong's liability as determined by the amended state court judgment declared nondischargeable under sections 523(a)(2)(A) and (a)(6). The court granted partial summary judgment as to Mr. Hodess and TRICO Pipes' claim under section 523(a)(2)(A).

First, the court granted partial summary judgment as to the nondischargeability of the amended state court judgment as it related to liability arising from a fraudulent transfer. The state court judgment specifically found that Mr. Wong had fraudulently transferred assets to himself from the Big Bears Entities with the actual intent to defraud creditors. See

Amended Judgment, ¶ 8 (Wong and others "fraudulently conveyed assets of the Big Bears entities to themselves individually, with the intent of preventing Plaintiffs from recovering the unpaid wages"). Based upon the Supreme Court's decision in <u>Husky Int'l Electronics v. Ritz</u>, 136 S. Ct. 1581 (2016), the court found that liability related to the receipt of fraudulently transferred property would be nondischargeable. The court could not grant summary judgment as to damages, however, because the state court judgment provided no indication as to the value of the fraudulently transferred property. Presuming TRICO Pipes and Mr. Hodess do not succeed on any of their other arguments, only the liability arising from Mr. Wong's receipt of fraudulently conveyed assets would be nondischargeable. Accordingly, there remained a triable issue of fact as to what portion of the judgment was on account of a fraudulent transfer, and more specifically, the value of fraudulently transferred property.

Second, the court denied summary judgment as to the nondischargeability of the amended state court judgment as it related to liability arising from the prevailing wage claims. Mr. Hodess and TRICO Pipes' complaint argued that the amended judgment established nondischargeability under section 523(a)(2)(A) because it stated that Mr. Wong and others "engaged in a pattern of conduct designed to conceal their failure to pay prevailing wages as required by law and to evade paying their debts to creditors based on such failure." <u>See</u> Amended Judgment, ¶ 4. The court analyzed the factors relevant to section 523(a)(2)(A) and found that the amended judgment established none of them. The court also found that the state court's findings

did not establish "actual fraud" because liability on the wage claims resulted from the failure to pay prevailing wages – not Mr. Wong's concealment. See Order on Motion for Summary Judgment at 12 ("While he may have attempted to conceal and avoid liability for these failures, at no point does the state court indicate that the failure to pay prevailing wages itself occurred as a result of fraud, nor is fraud a prerequisite to a finding of liability under California's prevailing wage laws.").

Finally, the court denied summary judgment as to the section 523(a)(6) claim. The amended judgment contained a finding that Mr. Wong's "failure to pay prevailing wages and the active concealment of this conduct was intentional and malicious." This court determined, however, that this finding was wholly unnecessary to a determination of Mr. Wong's liability for TRICO Pipes and Mr. Hodess' prevailing wage claims and not entitled to preclusive effect. The court also found that application of the doctrine of collateral estoppel would not comport with the public policies underlying the doctrine, which is a prerequisite to its application under California law.

Mr. Hodess and TRICO Pipes filed a motion to reconsider the ruling on their motion for summary judgment. The court entered a tentative ruling denying the motion, which the parties accepted. As a result, the court entered an order adopting its tentative ruling and denying the motion. TRICO Pipes and Mr. Hodess then filed in the District Court a motion for leave to file interlocutory appeals of the summary judgment ruling and the denial of the motion to reconsider. The District Court denied

that motion. Thereafter, the parties agreed to a trial on their written submissions.

**IV. LEGAL STANDARDS**

    **a. 11 U.S.C. § 523(a)(2)(A)**

Section 523(a)(2)(A) excepts from discharge "any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

To prevail in a section 523(a)(2)(A) action, a creditor must prove five elements by preponderance of the evidence:

    (1) the debtor made a representation;

    (2) the debtor knew at the time the representation was false;

    (3) the debtor made the representation with the intention and purpose of deceiving the creditor;

    (4) the creditor relied on the representation; and

    (5) the creditor sustained damage as the proximate result of the representation.

Apte v. Japra, M.D., F.A.C.C., Inc. (In re Apte), 96 F.3d 1319, 1322 (9th Cir. 1996); In re Eashai, 87 F.3d 1082, 1087 (9th Cir. 1996).

The Supreme Court has clarified that the term "actual fraud" in section 523(a)(2)(A) is a ground for nondischargeability separate from false representation. While encompassing false representation, actual fraud is a broader concept that includes "forms of fraud, like fraudulent conveyance schemes, that can be

effected without a false representation." Husky, 136 S. Ct. at 1586. Ultimately, Husky outlines a two-part test to determine nondischargeability for actual fraud under section 523(a)(2)(A):

> "Actual fraud" has two parts: actual and fraud. The word "actual" has a simple meaning in the context of common-law fraud: It denotes any fraud that "involv[es] moral turpitude or intentional wrong." Neal v. Clark, 95 U. S. 704, 709 (1878). "Actual" fraud stands in contrast to "implied" fraud or fraud "in law," which describe acts of deception that "may exist without the imputation of bad faith or immorality." Ibid. Thus, anything that counts as "fraud" and is done with wrongful intent is "actual fraud."

Husky, 136 S. Ct. at 1586. A fraudulent conveyance is a type of fraud that, if done with wrongful intent, is actionable under this test. Id.

**b. 11 U.S.C. § 523(a)(6)**

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The injury itself must be deliberate or intentional and not merely a deliberate or intentional act that leads to injury. Kawaauhau v. Geiger, 523 U.S. 57, 61-62 (1998).

Section 523(a)(6) requires application of a two-pronged test: the creditor must prove that the debtor's conduct in causing the injuries was both willful and malicious. Carillo v. Su (In re Su), 290 F.3d 1140, 1146-47 (9th Cir. 2002).

The "willful" requirement is separate and distinct from the "malicious" requirement. Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 706 (9th Cir. 2008). To meet the willful requirement, a plaintiff must demonstrate that "the debtor has a subjective motive to inflict injury or [] the debtor believes that injury is substantially certain to result from his own

conduct." Id. at 1142. The debtor must have intended the consequence of the act, not just the act itself. Id. at 1146-47.

To meet the maliciousness requirement, a plaintiff must demonstrate that "the injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." Id. at 1146-47 (internal quotation marks and citation omitted).

## V. FACTUAL FINDINGS

Mr. Wong is a full-time plumbing inspector for the City and County of San Francisco. (Wong Decl. 2:4.) Prior to that employment, Mr. Wong worked as a contractor and held several licenses: a B1 general contractor's license, a C36 plumbing license, a C16 fire sprinkler license, and a C20 mechanical license. (Wong Decl. 2:5-6; Transcript of September 19, 2013 Deposition of Wayne Wing Cheung Wong ("Wong Dep. Tr.") 23:8-22.) Some years prior, Mr. Wong met Jack Wang over coffee (Wong Dep. Tr. 45:1-15) and they continued to know each other on a social basis (Wong Decl. 2:20).

Sometime after they met, Mr. Wong agreed to let Mr. Wang use his licenses to work on plumbing projects. (Wong Decl. 2:7-11.) To do this, Mr. Wong signed and filed multiple applications with the Contractor's State License Board. In these documents, Mr. Wong represented that he held a 20% ownership stake in Big Bears Construction LP (which later became Big Bears Construction), Big Bears Construction, Inc., and Duke's Corporation. (Barber Decl. Exs. 11, 12, 13, 14, 17, 18, 19, 21.) In these applications, Mr. Wong represented that he would perform one or more of the following duties: supervising construction, managing

construction activities by making technical and administrative decision, checking jobs for proper workmanship, or direct supervision on construction job sites. (Barber Decl. Exs. 11, 12, 13, 14, 17, 18, 19, 21.)

In reality, Mr. Wong never performed any of these duties with regard to the Big Bears Entities (Wong Dep. Tr. 106:6-109:16; 58:10-12; 59:16-18), had no formal business relationship with Mr. Wang or the Big Bears Entities (Wong Decl. 2:12-25), and had no ownership interest in the entities (Wong Dep. Tr. 58:10-12). Mr. Wong was not involved with the Big Bears Entities' projects (Wong Decl. 2:12-25) and never asked Mr. Wang if his employees were being paid (Wong Dep. Tr. 107:24-108:1).

**VI. CONCLUSIONS OF LAW**

    **a. Nondischargeability under section 523(a)(2)(A) of fraudulent transfer liability**

As indicated above, after the court's ruling on TRICO Pipes and Mr. Hodess' motion for summary judgement, there remained a triable issue as to the amount of damages that arose specifically from the fraudulent transfer of assets to Mr. Wong as found by the state court's amended judgment. Under California law, this liability is determined by the value of the assets transferred. Cal. Civ. Code § 3439.08(b)(1). Mr. Hodess and TRICO Pipes did not submit any evidence regarding the value of the fraudulently transferred assets or what portion of the damages determined by amended judgment relate to the transfer of such assets. Accordingly, the court finds and concludes that Mr. Hodess and TRICO Pipes have not met their burden on this issue and therefore rules in favor of Mr. Wong.

### b. Nondischargeability of the prevailing wage claim liability under 523(a)(2)(A)

There also remained a triable issue as to whether Mr. Wong either made a fraudulent misrepresentation or whether his conduct otherwise constituted "actual fraud" as that term is understood for purposes of section 523(a)(2)(A). Apart from the fraudulent transfer liability discussed above, TRICO Pipes and Mr. Hodess have not provided any evidence of "actual fraud" except for traditional misrepresentation.

As stated above, to establish nondischargeability for a traditional misrepresentation under section 523(a)(2)(A), TRICO Pipes and Mr. Hodess must show that: (1) Mr. Wong made a false representation; (2) he knew of the representation's falsity at the time he made it; (3) he made the false representation with the intention and purpose of deceiving a creditor; (4) the creditor justifiably relied on the false representation; and (5) the creditor sustained damage as a result of the false representation.

The only misrepresentations Mr. Hodess and TRICO Pipes have identified are Mr. Wong's statements on his license applications that he would supervise the work of the Big Bears Entities. Mr. Wong clearly knew that these statements were false. TRICO Pipes and Mr. Hodess have provided no evidence, however, that the wage claimants relied upon these representations or that these representations proximately caused their harm. Absent such evidence, the court cannot conclude that Mr. Wong's liability is nondischargeable under section 523(a)(2)(A). Accordingly, the

court finds and concludes that Mr. Hodess and TRICO Pipes have not met their burden and rules in favor of Mr. Wong.

### c. Nondischargeability of the amended judgment under 523(a)(6)

Finally, there remains a triable issue of fact as to whether Mr. Wong acted willfully and maliciously in causing the liability determined by the state court's amended judgment. To establish willfulness, Mr. Hodess and TRICO Pipes had to demonstrate that Mr. Wong held the subjective motive to inflict injury or believed that injury was substantially likely to result from his conduct.

TRICO Pipes and Mr. Hodess provided no evidence that Mr. Wong intended for the employees of the Big Bears Entities to receive less than prevailing wages or that he even had knowledge of it. Nor did they provide evidence that Mr. Wong believed the injury they suffered was substantially certain to result from his conduct.

In their trial brief, TRICO Pipes and Mr. Wong assert that "there is a strong circumstantial inference that Wong was aware by December 2010, if not earlier, that Wang and Big Bears were engaged in a scheme to pay their employees much less than the mandated wage rates on public-works projects." (Pls' Tr. Br. at 14.) Unfortunately, TRICO Pipes and Mr. Hodess submitted absolutely no evidence that would permit the court to draw this inference. The only relevant evidence submitted includes the deposition testimony of Mr. Wong and several years' worth of Contractor's State License Board filings. Mr. Wong's statements that he only lent his license to Mr. Wang and the Big Bears Entities and had nothing to do with the operations of those

businesses, while not the most credible based upon his history of false licensure filings, remain unrefuted. The court therefore cannot draw an inference in favor of Mr. Hodess and TRICO Pipes on this issue.

In addition, the state court's amended judgment preclusively established that Mr. Wong received fraudulently conveyed assets in some amount from the Big Bears Entities. Once again, however, TRICO Pipes and Mr. Hodess have failed to provide evidence that Mr. Wong intended a specific harm, such as the wage claimants' failure to receive prevailing wages or Plaintiffs' inability to collect upon the amended judgment as a result of the transfer. Absent such evidence, the court cannot find that the injury caused by Mr. Wong's receipt of these transfers was willful.

Accordingly, the court finds and concludes that Mr. Hodess and TRICO Pipes have not met their burden under section 523(a)(6) and therefore rules in favor of Mr. Wong.

**VII. CONCLUSION**

For the foregoing reasons, the court finds in Mr. Wong's favor on all claims raised by TRICO Pipes and Mr. Hodess and will enter judgment accordingly.

**\*\*END OF ORDER\*\***

## Court Service List

[None]